UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERIK WILLIAMS, | ) | No. CV 11-717 FFM |
| Plaintiff, | ) ) ) | MEMORANDUM DECISION AND ORDER |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff seeks to overturn the decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits and Supplemental Security Income benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## CONTENTIONS

Plaintiff raises two issues:

1. Whether the ALJ properly found that plaintiff's mental impairment is not severe; and

2. Whether the ALJ properly rejected an opinion of plaintiff's treating physician.

## DISCUSSION

1. <u>The proper rating of plaintiff's mental impairments</u>.

In the decision, the ALJ found that plaintiff suffered from a mental impairment, but that the impairment was not severe. Plaintiff contends that the ALJ failed to follow the five-step sequence set forth in the Social Security regulations for evaluating the severity of plaintiff's mental impairment. The Court finds that remand is not required with respect to this issue.

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on [a claimant's] ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing Social Security Ruling 85-28 and *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)); 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or

combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities"). Where there is a colorable claim[1] of a mental impairment, the ALJ must evaluate the impairment by following specific steps set forth in the Social Security regulations. 20 C.F.R. §§ 404.1520a(a), 416.920a(a). First, the ALJ must determine whether the claimant has a "medically determinable impairment." If the ALJ finds an impairment, he or she must set forth the evidence substantiating the presence of the impairment. 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(2)-(4), 416.920a(c)(2)-(4). In evaluating the first three areas, the ALJ must use a five-point scale ("[n]one, mild, moderate, marked, and extreme"). *Id.* at §§ 404.1520a(c)(4), 416.920a(c)(4). In rating the episodes of decompensation, the ALJ must use a four-point scale ("[n]one, one or two, three, four or more"). *Id.*

Third, after rating the degree of functional limitation, the ALJ must determine the severity of the mental impairment, based, *inter alia*, on the ratings given in the functional areas. 20 C.F.R. §§ 404.1520a(d), 416.920a(d). Fourth, if the mental impairment is found to be severe, the ALJ must determine if it meets or equals a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2). Fifth, if the impairment does not meet or equal a listed mental disorder, the ALJ must perform a residual functional capacity assessment. 20 C.F.R. §§ 404.1520a(d)(3),

---

[1] A claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir.2001) (citations omitted). By finding that plaintiff suffered from a medically determinable mental impairment (AR 14), the ALJ impliedly found that plaintiff's claim of mental impairment was "colorable."

416.920a(d)(3). Finally, the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§§ 404.1520a(c)(3), 416.920a(c)(3) ]." 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2).

The ALJ found that plaintiff had a medically determinable mental impairment. (AR 14.) The ALJ proceeded to set forth her findings regarding plaintiff's limitations in the four functional areas set forth in the regulations. (*Id*.) The ALJ then concluded that, because plaintiff suffered from no more than mild limitations in the first three functional areas and no episodes of decompensation, plaintiff's mental impairment is not severe. (*Id*.) The ALJ supported her findings by reference to the medical records. Thus, the ALJ properly found that plaintiff's mental impairment is not severe.

Plaintiff also contends that the ALJ nonetheless failed to analyze whether plaintiff's non-severe mental impairment caused limitations that should have been included in the residual functional capacity. Although defendant claims that the ALJ did consider and reject any such additional limitations, the ALJ's decision does not expressly reflect such consideration. In this regard, the ALJ noted that after finding the mental impairment to be non-severe, she still was required to "reflect the degree of limitation the undersigned has found" with respect to the non-severe impairment in assessing plaintiff's residual functional capacity. (AR 14 n.1.) Nonetheless, the ALJ never expressly conducted any further analysis with respect to any mental limitations that might be included in the residual functional capacity. Therefore, the ALJ erred.

Defendant contends that any error was harmless. An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Harmless error may occur when the ALJ provides other record-supported reasons for the determination in question; when the error occurs in a step the ALJ was not required to perform; when the mistake was nonprejudicial to the claimant; or when

the error was irrelevant to the ultimate disability conclusion. *Stout*, 454 F.3d at 1055; *see also Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (error in asserting that plaintiff sat while watching television harmless where ALJ provided numerous other reasons supported by substantial evidence for discounting plaintiff's testimony).

 Here, the Court must conclude that the error was harmless. Plaintiff has not cited, and the Court has been unable to find, anything in the record that would support the inclusion of mental limitations in the residual functional capacity. Therefore, the failure to expressly conduct the required analysis was irrelevant to the ultimate disability conclusion.

2. <u>Plaintiff's Treating Physician's Opinion</u>.

 In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 404.1527(d). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of physicians who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 404.1527(d)(2).

 The Ninth Circuit has held that an ALJ may reject a treating physician's uncontradicted opinion only with "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)) (internal quotation marks omitted). If the treating physician's opinion is controverted, the ALJ must still provide "specific and legitimate" reasons, supported by substantial evidence in the record, in order to reject the treating physician's opinion. *Lester*, 81 F.3d at

830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001). "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

Here, state agency reviewing physicians and consultative examiners, as well as the testifying medical expert, all contradicted the limitations contained in the three page check-off form that plaintiff contends was improperly rejected. Therefore, the ALJ was required to provide specific and legitimate reasons for rejecting this opinion. The Court finds that the ALJ complied with this requirement.

The ALJ provided the following reasons for rejecting this opinion:

> The undersigned has also considered an assessment submitted by the claimant's attorney on April 14, 2008. The signature on this three page assessment form is illegible and there is no information on the form regarding the length or nature of the treating relationship, if any. As such, the undersigned finds it difficult to appropriately weigh this assessment. The undersigned does find, however, that the limitations set forth on this form are so obviously exaggerated so as to be of little probative value. Indeed, the person completing this form circled responses indicating the most minimal ability to function. He indicated, for example, that the claimant could not lift or carry even ten pounds occasionally, could not stand, walk or sit for even two hours *total* during an eight-hour workday, could not sit or stand for more than five minutes at one time, could not walk for any amount of time, could never twist, stoop, crouch, or climb, had a limited ability to reach, handle, finger, feel, and push/pull, needed to avoid even moderate exposure to extreme cold and heat, wetness, humidity, and respiratory irritants, and needed to avoid all exposure to hazards such as machinery or heights. He also stated the

|   |   |
|---|---|
| 1 | claimant needed a cane for ambulation and would be absent from work |
| 2 | more than three times per month (Exhibit 28-F). In considering this form, |
| 3 | the undersigned finds it entitled to little weight as the identify of the |
| 4 | person completing the form is not known and as the limitations assessed |
| 5 | are so restrictive as to be unbelievable. That is, there is absolutely |
| 6 | nothing in the record to indicated the claimant is unable to sit for more |
| 7 | than five minutes at one time or for two hours *total* during a workday. |
| 8 | Indeed, if such a limitation were true, then one would have to assume the |
| 9 | claimant spends the majority of his day lying down. There is no evidence |
| 10 | that the claimant spends his time lying down, however, nor is there any |
| 11 | evidence of muscle atrophy-a problem which occurs after even a |
| 12 | relatively short period of inactivity. Furthermore, the person who |
| 13 | completed this form provided little information to explain the basis for |
| 14 | his assessment or the facts informing this reasoning process. Finally, |
| 15 | there is nothing in the evidence of record to support the limitations set |
| 16 | forth in this form. As such, the undersigned cannot give the assessment |
| 17 | significant weight. |

AR 18.

The foregoing reasons were specific and legitimate. Treating physicians' opinions may be rejected if they are conclusory or not supported by medical evidence. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). *See also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctor's opinions because they were check-off reports that did not contain any explanation of the bases of their conclusions); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

Therefore, remand is not required with respect to this issue.

**CONCLUSION**

For the foregoing reasons, the judgement of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: October 17, 2011

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge